UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE BOUTROS, M.D.,

           NO. CIV. S-13-1234 LKK/CMK

   Plaintiff,

  v.

             O R D E R

AAG JANSEN TAN, OFFICE
OF ADMINISTRATIVE HEARING
JUDGE ANN ELIZABETH SARLI,

   Defendants.

_____/

   Plaintiff, proceeding pro se, has filed a Complaint (ECF No. 1), and a document entitled "Motion for Immediate Injunction [sic] To Suspend Ongoing Of OAH VS George Boutros" ("Motion") ECF No. 3. The court interprets the Motion as an attempt to file a motion for a Temporary Restraining Order or a Preliminary Injunction.

   It appears that plaintiff is asking this court to suspend a state administrative proceeding against him. Plaintiff asserts that the administrative proceeding violates his civil and constitutional rights, but it fails to identify them, or even to

1

1  assert whether he is asserting his state or his federal rights, or

2  both.  Plaintiff asks this court to "suspend" the administrative

3  proceeding, apparently until such time as a "clean state of

4  California" can proceed with the case while protecting his civil

5  rights.

6      The Complaint does not set forth the basis for this court's

7  jurisdiction, although required to do so,[1] and no basis for federal

8  jurisdiction appears or can be inferred from the face of the

9  complaint, no causes of action appear on, or can be inferred from,

10 the face of the complaint, and no authority for the relief

11 plaintiff seeks appears on, or can be inferred from, the face of

12 the complaint.

13     The two-page Motion does nothing to clear up the basis for

14 this court's jurisdiction, what claims are being made, or what

15 authority the court has to grant him the relief he seeks.[2]  The

16 Motion also fails to comply with the Local Rules applicable to

17 requests for emergency relief, and thus the court has no idea

18 whether plaintiff has met the requirements for emergency relief,

---

[1] See Fed. R. Civ. P. 8(a)(1); E.D. Cal. R. 204.

[2] It appears that there are circumstances under which the
court could enjoin a state administrative proceeding,
notwithstanding Younger v. Harris, 401 U.S. 37 (1971) (abstention)
and Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477
U.S. 619 (1986) (extending Younger to state administrative
proceedings).  See Bud Antle, Inc. v. Barbosa, 45 F.34d 1261 (9th
Cir. 1994) (district court should not employ Younger abstention
where, although the proceeding was "judicial" in nature, the
administrative agency plainly acted beyond its jurisdiction, and
where no important state interests were at stake).  Neither the
Complaint nor the Motion provides any facts or arguments showing
why the court can act in this case.

1  including, whether he has provided notice to opposing parties,

2  whether he has timely sought emergency relief, whether there is any

3  legal authority for the court to act, or what irreparable injury

4  plaintiff faces.  See E.D. Cal. R. 231(a)-(d).

5       Accordingly the court orders as follows:

6            1.   Plaintiff's Motion (ECF No. 3) is **DENIED**; and

7            2.   Plaintiff's Complaint is **DISMISSED** for lack of

8  federal jurisdiction.[3]

9       IT IS SO ORDERED.

10      DATED:  June 21, 2013.


LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

   [3] "T]he objection that a federal court lacks subject-matter
jurisdiction, see Fed. Rule Civ. Proc. 12(b)(1), may be raised by
a party, or by a court on its own initiative, at any stage in the
litigation."  Arbaugh v. Y& H Corp., 546 U.S. 500, 506 (2006).
"Whenever it appears by suggestion of the parties or otherwise that
the court lacks jurisdiction of the subject matter, the court shall
dismiss the action."  Fed. R. Civ. P. 12(h)(3).

3